Dear Representative Maddox:
This opinion is in response to your request asking as follows:
 "Section 96.222, RSMo 1969 (Issuance of Revenue Bonds for City Hospitals), Section 205.161 (Issuance of Revenue Bonds for County Hospitals), and Section 206.122 (Issuance of Revenue Bonds for District Hospitals) authorize the appropriate authorities to issue and sell revenue bonds for the purpose of providing funds for construction of hospitals.
 "It is in the interest of public hospitals that I ask you to render an opinion as to whether the appropriate courts or councils (as defined in the above statutes) have the authority to issue and sell revenue bonds to finance the construction of a medical office building adjacent or close to a public hospital which will be owned by the hospital."
You also state:
 "Several rural hospitals in Missouri have expressed a desire to have the county court or city council, whichever is appropriate, issue and sell revenue bonds for the purpose of constructing an office building adjacent or close to the public hospital. Such a building would be owned by the hospital, and its offices would be rented to hospital staff doctors and dentists. Such an arrangement would greatly benefit hospitals in rural communities where adequate facilities for private practice do not exist. An office building for hospital staff doctors and dentists, located in close proximity to the hospital, would permit the hospital to carry out its stated purpose more efficiently. . . ."
Section 96.222, RSMo, refers to the issuance of revenue bonds by third class cities for the purpose of providing funds for the acquisition, construction, erection, equipment and furnishing of hospitals, nursing or convalescent homes and related facilities and providing a site therefor, including offstreet parking space and making from time to time enlargements or extensions thereof.
Section 205.161, RSMo Supp. 1975, provides for the issuance of revenue bonds by county courts establishing county hospitals under Sections 205.160, RSMo et seq., for the purpose of providing funds for the acquisition, construction, equipment, improvement extension and repair and furnishing of hospitals and related facilities and of providing a site therefor, including offstreet parking for motor vehicles.
As can be seen the language in Section 205.161 is almost identical to that contained in Section 96.222. Similar language is contained in Section 206.122, RSMo Supp. 1975 with respect to hospital districts.
In our Opinion No. 224, 1968 to Graham, copy enclosed, this office concluded that the board of trustees of a county hospital could not constitutionally construct a building for the purpose of furnishing office space to private physicians for a nominal rental. The sections which you have cited were enacted after the issuance of such opinion.
You have not indicated whether or not the rentals involved in this instance would be nominal or otherwise. However, we do not believe that it is necessary in this opinion to further speculate as to the constitutionality of such a law if it did in fact purport to authorize the construction of a building for such purposes because we are of the view that such authority does not exist.
Although there is a lack of case law with respect to the term "related facilities" it has been stated that "related" means "standing in relation; connected; allied; akin." NolanRealty Co. v. Commissioner of Internal Revenue, 47 F.2d 1018
(7th Cir. 1931). Words and phrases are taken in their plain or ordinary and usual sense except that technical words and phrases having a peculiar and appropriate meaning in law are understood according to their technical import. Section 1.090, RSMo.
The words "related facilities" have been understood by this office to include a nursing home operated by the hospital trustees in conjunction with a hospital organized under Section 205.160, RSMo et seq. See Opinion No. 86, 1974, enclosed. However, it is our view that the language is not broad enough to include the construction of a building for the use of private physicians and dentists as proposed.
CONCLUSION
It is the opinion of this office that the provisions of Section 205.161, RSMo Supp. 1975 authorizing the use of revenue bonds for the construction of county hospital "related facilities" do not authorize the construction of a building to be rented to physicians and dentists for their professional use.
The foregoing opinion which I hereby approve was prepared by my assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosures: Op. No. 224, 1968 Op. No. 86, 1974